UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY THOMAS DRAKE,<br>      Plaintiff,<br>v.<br><br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>      Defendant.<br>_____/ | Case No.: 22-12244<br><br>Mark A. Goldsmith<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER GRANTING MOTION TO EXTEND (ECF No. 20); VACATING ORDER TO SHOW CAUSE (ECF No. 19).

Before the Court is the Plaintiff's January 23, 2023, combined motion to extend the time to file his motion for summary judgment and response to the Court's order to show cause. (ECF No. 20). On January 6, 2023, the undersigned issued an Order to Show Cause for failure to keep his address current with the Court because the Scheduling Order for this case was returned undeliverable as to Plaintiff on January 4, 2023. (ECF Nos. 18; 19).

In his combined motion, Plaintiff asserts his address is current and "[t]he Postal Service failed, not me." (ECF No. 20, PageID.211). He notes he received the Order to Show Cause at the same address the Scheduling Order was sent to. (*Id.*). As Plaintiff's address appears current, the Order to Show Cause is **VACATED**. (ECF No. 19).

Federal Rule of Civil Procedure 6(b)(1)(A) permits the court to extend the time to act if good cause is shown where, as here, the request is made before the time to act has expired. Plaintiff did not seek concurrence from the Commissioner, as is required by Eastern District of Michigan Local Rule 7.1. ("[T]he movant must confer with the other parties and other persons entitled to be heard on the motion in good faith and in a manner that reasonably explains the basis for the motion and allows for an interactive process aimed at reaching agreement on the matter or those aspects of the matter that can be resolved without court intervention, given the nature of the contemplated motion.").[1] That said, the Court sees no apparent prejudice against the Commissioner in addressing this motion to extend despite Plaintiff's failure to seek concurrence. Plaintiff seeks the extension to file his motion for summary judgment because he never received the scheduling order. (ECF No. 20, PageID.211). The Court finds good cause to grant the motion, and sees no apparent prejudice against Defendant.

The Plaintiff has established good cause for an extension. The motion is **GRANTED** and the deadlines established in the scheduling order are extended by 30 days. (ECF No. 20). Plaintiff's motion for summary judgment is due

---

[1] The local rules for the Eastern District of Michigan are available publicly online at https://www.mied.uscourts.gov/PDFFIles/localRulesPackage.pdf.

**February 22, 2023**, the Commissioner's response and cross motion for summary judgment is due **March 24, 2023**, and Plaintiff's reply is due **April 7, 2023**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: January 24, 2023	s/Curtis Ivy, Jr.
	Curtis Ivy, Jr.
	United States Magistrate Judge


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 24, 2023, by electronic means and/or ordinary mail.

	s/Kristen MacKay
	Case Manager
	(810) 341-7850