UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY D.[1],

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

Case No. 22-cv-12244

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED JANUARY 2, 2024 (Dkt. 27), (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS MOOT (Dkt. 23), (3) GRANTING DEFENDANT'S MOTION FOR REMAND (Dkt. 26), AND (4) REMANDING THE PROCEEDINGS TO THE APPEALS COUNCIL**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Curtis Ivy, Jr. issued on January 2, 2023 (Dkt. 15). In the R&R, the magistrate judge recommends that the Court deny Plaintiff Jeffrey D.'s motion for summary judgment as moot (Dkt. 27), and—based on Jeffrey D.'s consent—grant Defendant the Commissioner of Social Security Administration's motion to remand to the Appeals Council for further proceedings.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not

---

[1] Consistent with guidance regarding privacy concerns in Social Security cases by the Judicial Conference Committee on Court Administration and Case Management, this district has adopted a policy to identify plaintiffs by only their first names and last initials. See also Fed. R. Civ. P. 5.2(c)(2)(B).

appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, Jeffrey D.'s motion for summary judgment (Dkt. 23) is denied as moot, and Defendant's motion for remand (Dkt. 26) is granted. Consistent with this order, the Court remands this case to the Appeals Council.

SO ORDERED.

Dated: January 24, 2024          s/Mark A. Goldsmith
       Detroit, Michigan         MARK A. GOLDSMITH
                                 United States District Judge